GEORGE W. ALLEN, PLAINTIFF IN ERROR, VS. GEORGE LEWIS, DEFENDANT IN ERROR.

1. At common law the granting or refusing to grant new trials on the ground that the evidence did not sustain the verdict was left to the discretion of the trial judge who heard the evidence, and the propriety or impropriety of his action in such matters could not be reviewed on writ of error. But the rulings of the trial court involving points of law growing out of the evidence, such as its admissibility or rejection, the giving or refusing instructions therein could be reviewed on bills of exceptions. Such bills did not undertake to give the entire evidence in the case, but only so much of it, or such of its bearing, as was necessary to show the propriety or impropriety of the ruling thereon in point of law.

2. The act of 1852-3, substantially contained in sections 1265 and 1266 Revised Statutes, permitted a review of the orders of the trial courts granting or refusing to grant new trials on the ground of the insufficiency or sufficiency of the evidence, and provided for bills of exceptions for such purpose.

3. The purpose of special rule 1, for the preparation of bills of exceptions and transcripts of records in civil causes, in providing for evidentiary bills of exceptions, is to entirely divorce a bill of exceptions based upon the refusal of the court to grant, or the granting of, a new trial on the ground of the sufficiency of the evidence from an ordinary bill designed to present all other questions of error arising out of the proceedings in the case and not appearing of record proper.

4. If any one of the assignments of error presented to the judge as a guide for making up bills of exceptions for use in the appellate court is based upon the order of the court granting or refusing to grant a new trial on the ground that the verdict is contrary to the evidence, or not supported thereby, or if the defendant in error shall demand in writing that all the testimony shall be reviewed for the purpose of showing that any error of law, either as to the admission or rejection of testimony, or as to a charge given or refused, is, in view of the whole testimony, a harmless error, an entirely separate and distinct bill of exceptions of the *evidence adduced at the trial of the cause* shall be made up and signed by the judge, to be known as the "evidentiary bill of exceptions," and such bill shall contain all, but nothing except, the evidence adduced at the trial, stated in narrative form, omitting repetitions and questions, except when the judge shall otherwise direct as to questions, and shall be used for no other purpose than a consideration of the weight or effect of the evidence on such assignment of error or demand.

5. The ordinary bill, as distinguished from the evidentiary bill, must be employed whenever errors of law arising out of the proceedings in the cause, and not appearing of record, are designed to be presented for review; and also when errors are assigned upon any issue of fact, subject to review in this court, that may have been decided prior or subsequent to the trial. On assignments of error involving only points of law the ordinary bill shall never contain the entire evidence adduced at the trial of the cause, but only such brief statement of the proofs as will be sufficient to clearly show the propriety or impropriety of the court's rulings; and if the decision of any issue of fact prior or subsequent to the trial is questioned by proper assignment of error, the portion of the evidence bearing on such issue must be given in the ordinary bill.

6. The evidentiary and ordinary bills of exceptions must be made up separate and distinct from each other, and each must be sufficient and complete in itself to review the errors designed to be therein presented, and a reference from the one to the other is not permissible.

7. Should an ordinary bill of exceptions fail to present any one of the grounds of error designed to be presented thereby, so that it can be considered in this court, the continuance of the bill in the transcript would subserve no useful purpose; but where

a portion of such grounds are presented so that they can be considered, but others can not be, the usefulness of the bill of exceptions will depend upon whether the inability of the court to review the grounds not properly presented will render a consideration of the others impossible or of no practical use.

8. Writ of error was prosecuted from the order of the trial court granting a new trial on defendant's motion embodying grounds that the verdict was not supported by the evidence; that the court erred in admitting certain evidence on behalf of plaintiff, and in giving certain instructions at his request, and that an amendment of the pleadings was improperly allowed. The assignments of error presented for making up bills of exceptions were based upon the order granting the new trial and the action of the court in refusing to give certain instructions for plaintiff, and giving certain ones for defendant, and also in refusing to set aside the order for new trial and to award judgment on the verdict upon an offer to remit certain damages. Motion was made in the court to strike from the transcript the bills of exceptions on the ground that as to the assignments of error not necessitating the making up of an evidentiary bill, neither of the bills contains a brief statement of the proofs necessary to show the propriety or impropriety of the rulings of the court. It appeared that some of the grounds of error designed to be presented by the bills were sufficiently presented in themselves to be considered, but others could not be on account of the failure to properly present the facts on which the rulings were based: *Held*, That the motion should be denied without reference to what would be the final result on account of the inability of the court to examine all the assignments of error.

9. The copy of the transcript, preserving its pages and order, required by Supreme Court Rule 12 to be served on the opposite party, is to enable him to see that a proper abstract has been made, and also to prepare his side of the case in the appallate court.

10. The copy of the transcript served upon opposite counsel failed to preserve the paging and order of the original in some particulars, and an application was made to such counsel for the copy before the expiration of the time for serving it, for the purpose of correcting it in the particulars mentioned, but it was refused: *Held*, That under these circumstances, no advantage could be taken in this court of the defects in the copy.

11. The duty of making proper abstracts under rule 20 devolves upon the plaintiff in error or appellant, and the rule contemplates that the case will be determined in this court upon the *abstracts alone, without reference to the transcript*, unless their correctness is questioned in some particular by the opposite party. A reference in the abstract to the transcript necessitating any examination of the latter will not meet the requirements of the rule.

12. In order that the case may be tried on the abstracts, it is necessary that they fairly and fully exhibit so much of the record as will present the questions of error relied upon, stating the material substance of the pleadings in the order of their filing by dates, the material substance of the rulings of the court thereon, the substance of the issues on which the case was tried, and the material facts on which the issues were determined, in as concise and condensed form, with all immaterial and unnecessary verbiage omitted, as is practicable and consistent with a fair and clear presentation of all matters and questions to be considered by this court.

13. In preparing abstracts, counsel must not state conclusions as to the legal effect of the transcript, but facts must be given so that the opposite party may admit them, or question their correctness or fullness of statement, and when the rule is violated by stating in the abstracts conclusions as to the legal effect of the transcript, a motion to dismiss the writ of error or appeal is the proper remedy.

14. When counsel under professional obligation submit abstracts containing an apparently fair and clear statement of the facts supposed to be in the transcript and bearing upon the points to be presented, the opposite party must agree to or accept them, which he can do by his silence, or if deemed by him incorrect or insufficient, he must file and serve a statement showing wherein the abstracts are deficient in properly exhibiting the record, and the court will decide between the opposing statements by reference to the transcript. Where such abstracts are filed, it is not contemplated that the court will stop to see whether the statements in the abstracts are true in point of fact.

Writ of error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion.

Motions to strike bills of exceptions and to dismiss writ of error.

*Henderson* & *Raney*, for Motions.

*Alexander St. Clair-Abrams* and *Fred. T. Myers*, *Contra*.

MABRY, C. J.:

This is a writ of error from an order of the trial judge granting a new trial to the defendant below, against whom a verdict had been rendered. Section 1267 of the Revised Statutes provides for a writ of error from such an order without waiting for the final judgment in the cause. The new trial was granted upon defendant's motion embodying grounds that the verdict was contrary to law and the charge of the court; that it was contrary to the evidence, not supported thereby, and against the clear preponderance thereof; that it was contrary to the law and the evidence, and against the instructions of the court and the evidence; that the court erred in giving certain specified instructions for the plaintiff, and in admitting certain evidence on behalf of plaintiff; and that the court erred in allowing plaintiff to amend his declaration after the testimony had been all introduced and the argument concluded before the jury. The trial was had after the adoption of the new rules, and two bills of exceptions were signed, one designed to present the exceptions to the rulings of the court on points not involving the sufficiency of the evidence to sustain the verdict, and the other presenting the last mentioned phase of the evidence, and known as the "evidentiary bill of exceptions." The assignments of errors presented at the time of apply-

ing for the settlement of the bills of exceptions contained the grounds: 1st. That the court erred in refusing to give certain numbered instructions asked by plaintiff. 2d. The court erred in granting the motion for a new trial. 3d. The court erred in refusing plaintiff's motion to vacate the order granting a new trial and to enter judgment on the verdict upon plaintiff's offer to remit certain damages. 4th. The court erred in giving the instructions asked by the defendant. In the ordinary bill of exceptions designed to present the exceptions to the rulings of the court on points other than that the evidence was not sufficient to sustain the verdict, questions propounded to witnesses and objected to, are given with the rulings of the court allowing the same and the exceptions noted. The answers to the questions are not stated in this bill of exceptions, but for each answer reference is made to ascertain pages and lines in the evidentiary bill of exceptions. The charges given and refused are set out in the ordinary bill with the exceptions taken thereto, but no brief statement of the proofs is included therein. The bill recites that "the said charges of the said judge so given, and those refused, were predicated on the evidence at said trial shown in evidentiary bill of exceptions, containing all of the evidence adduced at the trial, which accompanies this bill of exceptions."

It is now moved to strike from the transcript both bills of exceptions because as to the assignments of error not necessitating the making up of an evidentiary bill of exceptions, neither of said bills contains a brief statement of the proofs showing the propriety or impropriety of the ruling of the court, and as to the assignments in so far as they, or either of them, cover any ground other than that the verdict is contrary to

the evidence and not supported thereby, there is no brief statement of the proofs showing the propriety or impropriety of the ruling of the court covered by any such assignment.

It is not questioned by plaintiff in error that if an evidentiary bill is not required, and none is signed, setting out the evidence in full as required by the rule, the ordinary bill would have to set out a brief statement of the proofs showing the propriety or impropriety of the court's rulings on the exceptions taken, but where the evidentiary bill is signed, it is insisted that the rule does not demand a brief statement of the proofs in the ordinary bill, and that a statement therein of the points and rulings thereon with a sufficient reference to the testimony embodied in the evidentiary bill will be sufficient. As to what is the purpose of the rules on the subject there is no question in the mind of the court, and, we think, this purpose is evident from the terms used, taken in connection with the subject-matter. It must be supposed that the new rules were designed to make some change in the former practice prevailing in this court in reference to bringing up cases for review. A reference to this practice will aid in setting forth the change designed and obtaining a clear view of the meaning of the rules. At common law the granting or refusing to grant new trials on the ground that the evidence did not sustain the verdict was left to the discretion of the trial judge who heard the evidence, and the propriety or impropriety of his action in such matters could not be reviewed on writ of error. Carter vs. Bennett, 4 Fla. 283; Parsons vs. Bedford, 3 Peters, 433. Bills of exceptions were demandable, however, at common law for certain purposes. Any ruling of the trial court involving points

of law growing out of the evidence, such as its admis-
sion or rejection, the giving or refusing instructions
thereon, and many other incidents arising during the
trial and deemed harmful to the objecting party could
be reviewed on bills of exceptions. Such bills did not
undertake to give the entire evidence in the case, but
only so much of it, or such of its bearing, as was nec-
essary to show the propriety or impropriety of the rul-
ing thereon in point of law. In 1852–3, after the de-
cision in Carter vs. Bennett, *supra*, the Legislature
passed an act permitting a review of orders of the trial
courts granting or refusing to grant new trials on the
ground that the evidence did not sustain the verdict,
as well as on other grounds, and authorized bills of ex-
ception for such purpose. This act has continued as
law in this State, and is substantially contained in sec-
tions 1265 and 1266 of the Revised Statutes. Under
this legislation the practice grew up of embodying in
a motion for a new trial all grounds of exception
whether to rulings reviewable at common law, or to
orders made reviewable by the statute, and in the bill
containing all the evidence were inserted exceptions to
rulings involving only points of law as well as excep-
tions to the rulings refusing or granting new trials on
the sufficiency of the evidence. Under the law allow-
ing both questions of law and fact to be reviewed, and
a practice permitting the blending of all 'assignments
of error in one bill of exceptions in the manner indi-
cated, an appeal or writ of error, with a bill of excep-
tions, put into this court the entire record, including
all the evidence, whether there was any good ground
for reversal in this court on account of the sufficiency
or insufficiency of the evidence or not. The act of
1852 did not take away the right to an ordinary, or

common law, bill of exceptions to review points of law growing out of rulings during the trial of the case, independent of the bill allowed for testing the sufficiency of the verdict by the evidence but both become blended into one, and resulted in dragging into this court the entire record, though not necessary in many cases for the settlement of the points in controversy in this court. Unless there is real merit in a contention that a judgment should or should not be set aside on the ground of the deficiency or sufficiency of the evidence, or that errors of law, if any exist, are harmless in view of all the evidence, there is no useful purpose in bringing all the evidence before the appellate court. To do so increases the cost of a transcript for no purpose, and unnecessarily burdens the court in the disposition of the real questions involved. The statute, however, gives the right to have an order granting or refusing a new trial on the evidence reviewed by this court, and such right can not be taken away by rule of court. In recognition of this right the recent rules were framed with the view of entirely divorcing a bill of exceptions based upon the refusal of the court to grant or the granting of a new trial, on the ground that the verdict is contrary to the evidence, or not supported thereby, from the ordinary bill designed to present questions as to errors of law arising out of the proceedings in the case. Special rule 1, for preparation of bills of exceptions and transcripts of records in civil causes, provides that "if any assignment of error presented to the judge is based upon the refusal of the court to grant a new trial, on the ground that the verdict is contrary to the evidence, or not supported thereby, or if the defendant in error shall demand in writing that all the testimony shall be reviewed for the

purpose of showing that any error of law, either as to the admission or rejection of testimony, or as to a charge given or refused, is, in view of the whole testimony, a harmless error, then an entirely separate and distinct bill of exceptions of the evidence adduced at the trial of the cause shall be made up and signed by the judge, to be known as the evidentiary bill of exceptions.'' This rule further provides that nothing shall be inserted in the evidentiary bill but the testimony, and it shall contain all the evidence adduced at the trial, stated in a narrative form, omitting repetitions and questions, except when the judge shall otherwise direct as to questions. It is clear that evidence offered and rejected can not go into such bill though exceptions are predicated thereon, as the rule forbids anything but the evidence adduced at the trial to be inserted therein. It is also clear that if any assignment of errors, that is, if any one of the assignments of errors presented to the judge as a guide for making up bills of exceptions calls for a production of all the evidence adduced at the trial, an entirely separate and distinct bill, of the evidence alone, must be made and signed. Keeping in view the purpose of the rule, it would seem reasonably clear enough that provision was thereby made for a separate and distinct bill of the evidence alone for *use only* in considering the weight of the evidence on an assignment of error making it necessary to do so. It is also provided by the same rule that ''if the assignment of errors presented by the plaintiff in error shall not necessitate the making up of an evidentiary bill of exceptions, as herein provided, and if the defendant in error shall not demand in writing that such bill be made, the bill of exceptions made and signed on the assignment of errors presented shall

never contain the entire evidence adduced at the trial
of the cause, but only such brief statement of the proofs
shall be included therein as is necessary to clearly
show the propriety or impropriety of any ruling of the
court during the trial that is assigned as error, or only
such portion of the evidence that may have been pre-
sented on any issue of fact that may have been decided
at any time prior or subsequent to the trial of the cause,
and upon which an error has been assigned." This
provision directs what the ordinary bill shall contain
when an evidentiary bill is not called for under the
rule, and it may be conceded that it does not in the
same connection in terms direct what it shall contain
when both bills are called for, but the form given for
the ordinary bill in every case does clearly indicate its
contents. If testimony is admitted over an objection,
the substance of what was proven and objected to must
be inserted therein, and a note is added showing that
upon all rulings of the court admitting or rejecting ev-
idence either for or against plaintiff or defendant that
are excepted to and assigned as error for the appellate
court, the substance of the evidence must be stated in
similar manner. It is also indicated by the form and
note therein that all charges given or refused, to which
exceptions are taken and upon which errors are as-
signed, must be inserted in the bill in the manner in-
dicated, and if the proof or statement of what the evi-
dence tended to prove is sought to be given, the same
must follow each charge predicated upon it. It is ev-
ident from the rule itself that the evidentiary bill must
contain nothing but the evidence adduced at the trial,
and to be employed only when an assignment of error
is presented calling for a review of the entire evidence
to ascertain whether or not it sustains the verdict, and

having made provision for such a separate and distinct bill for such purpose, it was contemplated that it would not be demanded in any case unless the state of the proofs reasonably justified it. When such bill is not called for, the ordinary bill must, of course, be employed in every case when errors of law arising out of the proceedings in the cause, and not appearing of record, are assigned, and also when errors are assigned upon any issue of fact, subject to review in this court, that may have been decided prior or subsequent to the trial of the cause, and in order to guard against any misapprehension, direction was given as to the contents of the bill in such a case. In this direction there is no sanction of a blending of the two bills when both are employed, but the entire rule, taken in connection with its purpose, and as illustrated by the forms given, clearly shows that the bills must be kept separate and distinct, and each complete within itself. There is a useful purpose in making such requirement, in this, that in considering the correctness of a ruling on a point of law arising on the evidence it will greatly aid and facilitate the labors of this court to have, in connection with the exception taken, and which can only appear in the ordinary bill of exceptions, a sufficient brief statement of the evidence to show its bearing without having to look to a different part of the record, and then reading much that can, probably, be greatly condensed by the parties with the aid of the trial court. When exceptions to charges given or refused are to be considered, the labor here will be greatly facilitated by having after each charge excepted to, and in the same connection, such brief statement of the proofs as will be necessary to show clearly the propriety or impropriety of such charge; and that such is the purpose of

the rules is clearly indicated by them and the forms prescribed in connection therewith. The brief statement of the proofs showing its bearing in connection with charges excepted to is very important, and an evidentiary bill does not relieve the necessity of such a statement of the evidence in the ordinary bill, though it may be in some cases that there will be, to some extent, a repetition of the evidence. In determining the propriety or impropriety of a charge, except in a few cases, the court was required, under the former practice, to consider all the evidence in order to arrive at a conclusion as to its scope and bearing with reference to the charge, and it is not deemed improper, in view of the condition of the docket, to exact of counsel familiar with the case such brief statement of the proofs as to show its bearing on any charge given or refused, and drawn in question here. The common law bill of exceptions required the same thing, and under our rules divorcing the evidentiary bill from what we call the ordinary bill the only change in the latter is in adding the testimony on issues of fact disposed of prior or subsequent to the trial of the cause and authorized by statute to be reviewed in this court. To permit an evidentiary bill, by reference to the testimony therein, to subserve the purpose of an ordinary bill would result in the old practice with little change, and the objects to be accomplished would fail. When it is clearly understood that the evidentiary bill is to be used *solely* and *exclusively* for the purpose of testing the sufficiency of the entire evidence to sustain the verdict, and in *all cases* where such test becomes necessary there need be no difficulty, it seems to us, in applying the rules in actual practice.

The writ of error in this case is from an order grant-
ing a new trial, and the rule states that if any assign-
ment of error presented to the judge is based upon the
refusal of the court to grant a new trial on the ground
that the verdict is contrary to the evidence or not sup-
ported thereby, or if the defendant in error shall de-
mand in writing that all the testimony shall be re-
viewed for purposes mentioned, an evidentiary bill
shall be made up and signed.   Errors are assigned on
the order granting a new  trial  and also the refusal to
set aside the order granting the new trial and  to enter
judgment on  the  verdict upon  the  offer to remit cer-
tain damages.    It is not contended  that the rule does
not embrace assignments of error based upon an  order
granting, as well as one refusing to grant, a new trial,
but both are clearly within its spirit, and the manifest
purpose was to provide an  entirely  separate and  dis-
tinct bill of  exceptions for reviewing the entire evi-
dence when it becomes necessary under an assignment
calling in question the correctness of a ruling granting
or refusing a new  trial on its sufficiency.   The note
following the forms given states that if the plaintiff in
the court below sues out the writ of error the form
must be varied to suit change of circumstances, but as
the granting of a new trial on the ground  that  the ev-
idence does not sustain the verdict involves a consid-
eration of the sufficiency of  the testimony as much as
when the new trial is refused, both are within the
meaning and spirit of the rule, and we so construe it.
Whenever an assignment of  error necessitates a re-
view here of the  *entire evidence* adduced at the trial,
the evidentiary bill of  exceptions is the only proper
way to get it before this court.

A review of the order of the court granting a new trial involves a consideration of the grounds of the motion upon which it was granted, as we are not advised by the transcript of the basis of the court's action other than that the motion for a new trial was granted. After the order for a new trial was granted a motion was made by plaintiff to set it aside and for judgment on the verdict, upon an offer to remit certain damages, and the refusal of the court to grant this motion is assigned as error, along with others on the order of the court granting a new trial, and in refusing to give certain instructions for plaintiff, and in giving certain ones for defendant. As to the grounds of the motion for a new trial, that the court erred in admitting certain evidence on behalf of plaintiff and gave certain instructions at his request, for the reasons already given, the ordinary bill of exceptions furnishes no sufficient basis for their review. The evidence objected to is not given in this bill, nor is there any statement of the proofs showing the propriety or impropriety of the charges given. Whatever may be the bearing of the action of the court in refusing to give the requested instructions for plaintiff, and in giving certain ones for defendant, not involved in the motion for a new trial, and upon which plaintiff has assigned errors, they can not be reviewed for the same reason. The ordinary bill does not contain any statement of the proofs showing the propriety or impropriety of the rulings as to such charges. The ordinary bill does set forth the action of the court in allowing an amendment of the declaration after the testimony had been closed and the argument concluded, which is one of the grounds of the motion for a new trial; and we also

find in this bill the ruling of the court in refusing to set aside the order granting a new trial and for judgment upon the offer of plaintiff to remit damages. The transcript presents a separate and distinct evidentiary bill of exceptions setting out the evidence alone in proper form, and made up correctly under the rule on a proper assignment of error. One of the grounds of the motion for a new trial is that the evidence did not sustain the verdict, and an assignment of error on the order granting the new trial necessitated an evidentiary bill for the purpose of reviewing the entire evidence to see whether or not the new trial should have been granted on the ground stated. It appears then that some of the grounds of error insisted on and designed to be presented by the two bills of exceptions are sufficiently presented in themselves to be considered, but others can not, for the reasons already given, be brought in review here.

Should a bill of exceptions or record proper fail to present any one of the grounds assigned as error so that it can be considered by this court, the continued appearance of the bill in the transcript would subserve no useful purpose, but where only a portion of such grounds are so presented as that they may be reviewed, the usefulness of the bill of exceptions will depend upon whether the inability of the court to review the grounds not properly presented will prevent a consideration of any others so far as practicable results are concerned. To determine on the present motion what will be the effect of the failure to properly present all the grounds of error so that they can properly be considered, on the entire case presented by the transcript, would be to pass upon the entire merits, which is not now contemplated. Rule 13 provides for a dismissal

of the writ of error or appeal upon a failure to comply with the rules of this court, or those prescribed for the government of the Circuit Court for making up bills of exceptions and transcripts of records, but the motion now being considered is to strike both bills of exceptions from the transcript because of certain alleged defects. The defects do not go to the form of the bill, or to the manner in which it was made or allowed, but that it fails to embody such a state of facts as will permit the review of some of the errors thereby designed to be presented. It may be that we can not review any of the errors assigned because of the defects mentioned in the ordinary bill of exceptions, but we do not feel called on now to determine that question on the present motion, and, in our judgment, the motion to strike out the bills of exceptions on the grounds stated should be denied. If the motion had been to dismiss the writ of error, instead of to strike out the bills of exceptions, we do not say the result would have been different.

There is a further motion in this case to dismiss the writ of error on the grounds: 1st. That plaintiff in error has not served defendant in error or his attorneys with a typewritten or printed copy of the transcript of the record, preserving therein the pages and order in the transcript. 2d. Plaintiff in error has not filed a typewritten or printed abstract or statement of the transcript showing the pleadings in the cause in the order of their filing by dates, the rulings of the court thereon, the issues on which the case was tried, and the facts on which the issues were determined, made up in as concise form as is practicable and consistent with a fair and clear presentation thereof; nor has he served defendant in error, or his attorneys, with a copy of the same, together with the statement of the

assignments of error relied on. Rule 12 requires the
plaintiff in error or appellant to file in the Supreme
Court at the time required by law a duly certified tran-
script of the record clearly and legibly typewritten or
printed in black ink, and within the same time to serve
the opposite party, or his attorney, with a tpyewritten
or printed copy thereof, preserving in said copy the
pages and order in the transcript. It also provides
that should the plaintiff in error or appellant fail to
comply with the provisions of this rule the cause may
be dismissed on motion of the defendant in error or
appellee upon the production of a proper certificate,
when no transcript has been filed, that a writ of error
or appeal has been taken in the lower court, or upon
the production of proof that no copy has been served
upon the opposite party. In the brief filed for de-
fendant in error it is stated that the copy of the tran-
script served on defendant in error, or his attorneys,
preserves the paging and order of the original as to six
specified pages, but as to the remainder neither the
paging, lining, nor order of the original is preserved
in the copy. Neither the copy served, nor proof as to
its paging or order, has been produced on this motion,
but it was conceded by counsel for plaintiff in error on
the argument that the copy did not comply with the
rule in the particulars mentioned. In connection with
this concession it was stated by counsel for plaintiff in
error, without denial, that the defect in the copy of
the transcript was discovered soon after it was served,
and application was made to opposite counsel for per-
mission to take the copy and have it properly paged
and arranged so as to correspond with the original,
and that this offer was declined. This offer, as we un-
derstand, was made before the expiration of the time

in which plaintiff in error had the right to serve copy on the defendant in error, and proof of the facts stated was offered to be made by affidavit if demanded. Without the admission on the part of counsel for plaintiff in error that the copy of the transcript served was defective in the particulars specified we have no proof of the fact, and with the admission the further fact appears that an effort was made in due time to correct the defects in the copy. On this showing we think defendant in error is in no situation to now insist on having the writ of error dismissed, or a new copy correctly paged and arranged served on him. A copy of the transcript, preserving pages and order, is required to be served on the opposite party, or his attorney, in order that he may be enabled to see that a correct abstract has been made, and to prepare his side of the case in the Supreme Court, and where he has an opportunity to have the copy that has been served on him corrected in due time in some particulars in which it does not meet the requirement of the rule, and declines to permit the correction to be made, he ought not to be allowed to take advantage of the imperfection in this court.

The second ground of the motion attacks the abstract of the record on the ground that it is not in compliance with the rule on the subject. In civil causes rule 20 requires the attorney for plaintiff in error or appellant to "prepare and have clearly and legibly typewritten or printed a concise abstract or statement of the transcript showing the pleadings in the cause in the order of their filing by dates, the rulings of the court thereon, the issues on which the case was tried, and the facts on which the issues were determined, in as condensed form as is practicable, and consistent

with a fair and clear presentation thereof, together with
a statement of the assignments of error relied on."
It is also provided that the cause may be tried upon
such abstract or statement without reference to the
transcript, unless the defendant in error or appellee
shall question the correctness of such abstract in some
specific particular, which he may do by filing with the
clerk of this court, within the time specified, a state-
ment of his exceptions to the correctness, which state-
ment must be clearly and legibly typewritten, or
printed, with proper reference to the transcript by
pages, showing wherein the abstract is incorrect or in-
sufficient. In case of disagreement the court will de-
termine as between the opposing statements by refer-
ence to the transcript. The use of abstracts in legal
proceedings has become common in this country, and
many courts of last resort have adopted them as aids
in disposing of the crowded dockets with which they
have been confronted. In speaking of the rules pro-
viding for abstracts one opinion says: "The obvious
purpose of these rules is to provide an abstract or
abridgement, which shall fairly exhibit so much of
the record as will present the questions of error, to be
used as a substitute for a usually voluminous record,
much of which would ordinarily have no bearing upon
the particular questions to be considered and decided.
The appellant's abstract is a representation, on his
part, that the statements therein are a fair and true
presentation of so much of the record as he deems
necessary to a full understanding of the questions
presented. If respondent concede its correctness, he
indicates it by his silence; otherwise he prepares an
additional abstract. If he raise no question as to its
correctness, he is taken to accept it, and it is treated

by the court as a full and fair statement of the facts, by which the hearing and decision of the case is to be governed. The court takes such abstract, so admitted, by both parties to be correct, as the undisputed facts, and only examines the original record when there is a disagreement between the appellant's and respondent's abstracts." Noyes vs. Rane, 2 S. Dak. 55, 48 N. W. Rep. 322. In determining the true office of the abstract and what it shall contain, it is important to keep in mind that the court will try the questions presented on the abstract alone, and unless it is questioned by the opposite party, will make no examination of the transcript. A reference in the abstract to the record will not be sufficient. Our rule requiring abstracts in civil causes is very similar to one adopted by the Alabama court in February, 1895, and that court adopts the same view of its rule that we do of ours. O'Neal vs. Simonton (Ala.), 19 South. Rep. 8; Hobbie vs. Andrews, Ibid, 974. We said in the case of Poyntz vs Reynolds, 37 Fla. 533, 19 South. Rep. 649, 651, that "the rule expressly provides that such abstracts must contain such a clear presentation of the case as that this court may be able to try and adjudge the case upon such abstract alone, without even referring to the transcript of the record certified and sent here by the clerk below. While the rule does not contemplate that the abstract shall be a copy of the record, yet it does require that it shall contain in a clear and concise form the material substance of the pleadings in the cause in the order in which they are filed by dates, the material substance of the rulings of the court thereon, the substance of the issues on which the case was tried, and the material facts on which the issues were determined; all of which must be in as concise

and condensed form, with all immaterial and unnecessary verbiage omitted, as is practicable and consistent with a fair and clear presentation of all matters and questions to be passed on here; together with a concise statement of the assignments of error relied upon." Under the rules, transcripts should be made up with a view of fully presenting only such part of the record as is essential to the disposition of the questions presented by the. assignments of error relied upon, and the abstracts should be prepared with the same view. The extent of ₊the fullness of presentation of the record will depend upon the number and character of the questions litigated. Where the question is one of law arising out of the evidence, such brief statement thereof as will show the propriety or impropriety of the ruling will suffice; and where it is one of fact depending upon the sufficiency of the evidence, the latter must be so presented as that the court can properly consider it in all of its bearings. Our rule provides that the cause may be tried upon the abstract, without reference to the transcript, unless the opposite party shall question the correctness of the abstract in some specified particular, which he may do by filing and serving a statement of his exceptions showing by proper reference wherein the abstract is incorrect or insufficient, and it also provides that if the plaintiff in error or appellant shall fail to comply with the rule the cause may be dismissed on motion of the opposite party, or the court may dismiss the cause on its own motion. The rule imposes the duty of making the abstract upon the. plaintiff in error or appellant, and it should, as we have explained, be a fair and clear presentation of the transcript bearing upon all the questions presented by the assignments of error relied on.

It is not contemplated that counsel in preparing the
abstract shall state their conclusion as to the legal ef-
fect of the transcript, but the facts must be stated in
as condensed form as is practicable to a fair and clear
presentation of the points raised, and the court draws
conclusions therefrom. Where counsel under profes-
sional obligation submit abstracts containing an appar-
ently fair and clear statement of the facts supposed
to be in the transcript and bearing upon the points to
be presented in this court, the opposite party is called
on to accept it, or, if deemed by him incorrect or in-
sufficient, he should file and serve a statement showing
wherein the abstract is deficient in properly exhibiting
the record, and the court will decide between the op-
posing statements by referring to the transcript. In
such a case it is not contemplated that the court will
stop to see whether or not the statements in the ab-
stract are true in point of fact. If, however, the
plaintiff in error or appellant fail to file any abstract
as required, or if it be made in disregard of the re-
quirements of the rule, such as the statement of legal
conclusions as to the effect of the transcript, instead
of presenting facts, the opposite party has the right
to have facts stated so that he can either admit them,
or question their correctness, or the fullness of their
statement. Such an abstract would not be in compli-
ance with the rule, and the remedy to reach the defect
is expressly given by motion to dismiss the cause.

The abstract in this case was evidently prepared
under a misapprehension of the rule. Only one of
the questions involved in the assignment of error on
the order granting a new trial is attempted to be pre-
sented in the abstract in such a way as to be fully con-
sidered without reference to the transcript, and that

question is the sufficiency of the evidence to sustain the verdict. In examining the abstract in reference to the presentation of the evidence, we find that it does not meet the requirements of the rule, in this, that the facts are not stated so that the court can consider the evidence in all its bearing without reference to the transcript. In many instances in giving the evidence the abstractor has stated its effect, or his conclusions deduced therefrom. Many letters were introduced in evidence, and in many instances conclusions as to their meaning are stated, and in others only portions of letters are given. The following is quoted from the abstract: "The letter of May 19th contains absolutely nothing bearing upon the issue, but shows an anxiety to sell the remainder of the stock. A letter dated May 24th acknowledges receipt of the $12,-000, and says: 'whenever convenient you can dispose of the other shares as suggested in your former letter.'" Other instances might be shown, but it is not deemed necessary to go into detail. The abstract must state the facts in the transcript so that the court can judge of them when called in question, and conclusions will not do. In this respect the present abstract violates the requirements of the rule as to the presentation of the evidence upon which the verdict was based. It is within the discretion of the court to permit proper abstracts to be made, and plaintiff in error may, if he desires, file and serve others in compliance with the rule within twenty days; otherwise the writ of error will be dismissed.

The extent of the discussion on this motion is prompted by a desire to have the profession understand the meaning of the rules, in order that they may be fully complied with.