GEORGE W. ALLEN, PLAINTIFF IN ERROR, VS. GEORGE LEWIS, DEFENDANT IN ERROR.

1.  When the trial court under section 1267 Revised Statutes, grants a motion for a new trial containing several grounds without stating any ground or grounds upon which the ruling was based, it will be affirmed if any ground of the motion is sufficient to authorize it.

2.  The trial court should not in the exercise of a discretion vested in it for that purpose grant a new trial on the ground that the verdict is not supported by the evidence where there is a material conflict in it, unless its weight so clearly preponderates against the verdict found as to require its annulment in order to meet the ends of justice. Where, however, a new trial is granted on the ground stated, where there has been but one trial, in a case where the evidence is conflicting upon a material issue, the appellate court will not reverse the ruling unless it is affirmatively and clearly made to appear from a palpable preponderance of the evidence in support of the veridct overturned that the trial judge abused the discretion with which he is vested in such cases,· or that some settled principle of law has been violated.

Writ of error to the Circuit Court for Leon County.

The facts of the case are stated in the opinion of the court.

*Alex. St. Clair-Abrams* and *Fred T. Myers,* for Plaintiff in Error.

*George P. Raney* and *Jno. A. Henderson* for Defendant in Error.

PER CURIAM.

This cause coming regularly on for final decision and was referred by the court to its commissioners for consideration and they have reported the case to the court with recommendation that the judgment of the trial court granting a new trial be affirmed.

It appears to the court from an examination of the transcript of the record that the writ of error is sued out to review the order of the trial court granting a new trial to the defendant below on his motion for that purpose, embodying the grounds, in substance, that the verdict was contrary to and not supported by the evidence, that the court erred in admitting certain evidence on behalf of plaintiff below over the objections of defendant, in giving certain instructions at the request of plaintiff, and in permitting the plaintiff to amend his declaration after the testimony had been introduced and argument concluded before the jury. The court granted the motion generally to which ruling plaintiff excepted. On a subsequent day of the term plaintiff moved the court to vacate the order granting a new trial and that judgment be entered upon the verdict on plaintiff's offer then made to remit the sum of $12,000 and interest, and this motion was denied.

On the writ of error sued out by plaintiff errors are assigned that (1) the court erred in refusing to give certain instructions asked by plaintiff; (2) the court erred

in granting the motion for new trial; (3) the court erred in refusing plaintiff's motion to vacate the order granting a new trial and to enter judgment on the verdict upon plaintiff's offer to remit certain damages; (4) the court erred in giving instructions asked by defendant.

When the case was before this court on motion to strike bills of exceptions and dismiss writ of error (Allen v. Lewis, 38 'Fla. 115, 20 South. Rep. 821), it was held that the ordinary bill of exceptions did not so present any question in reference to the admission of evidence and giving instructions to the jury that the court could review assignments of error based upon them, but that the evidentiary bill was sufficient to present the question of the ruling of the court on the ground of the motion for a new trial that the verdict was contrary to or not supported by the evidence. The motion to dismiss was denied without determining what would be the final result on account of the inability of the court to examine all the assignments of error.

The trial court granted the motion for a new trial without assigning any ground or grounds upon which the ruling was based, and if any one of them is sufficient to sustain the order made it must be affirmed.

In the case of Farrell v. Solary, decided at the January term of this court, it was said that "a trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence, unless the weight of the testimony so clearly preponderates against the verdict found, as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence

does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court will not reverse such order unless it is affirmatively and clearly made to appear, from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated." This was the deliberate view of this court after an examination of the authorities in reference to the review of an order granting a new trial under section 1267 Revised Statutes, where there had been but one trial of the case, and that ruling is decisive of this case. It is manifest that on the material point in the case upon which the plaintiff's right of recovery depends—that is, whether the sale of the defendant's bank stock in the Bank of Key West to plaintiff was upon the condition and agreement that the former should remain president of said bank and protect its credit until the latter could accomplish certain specified purposes—there was a pointed conflict of evidence, and after a careful examination of all the testimony we can not consistently hold that the trial judge abused the discretion with which he is vested in such matters in granting the new trial.

This conclusion necessarily results from a consideration of the ruling on the ground of the motion that the verdict is not sustained by the evidence, which is properly presented by the evidentiary bill of exceptions, but if this was not the case there are grounds of the motion for a new trial that are not open for consideration, under the ruling made on the motion to dismiss (Allen v. Lewis, *supra*.) and without their consideration it is not perceived how we could adjudge the trial judge to be in error.

There are also assignments of error sought to be presented by plaintiff in error that we do not concede may be raised by him on writ of error. from an order granting a motion for a new trial in favor of defendant below, but as the decision is placed upon the ground stated, it is unnecessary to particularize them.

The judgment of the Circuit Court must, therefore, be affirmed, and it is so ordered.