THE CITIZENS BANK AND TRUST COMPANY OF TAMPA, A
    CORPORATION UNDER THE LAWS OF FLORIDA, *Plaintiff
    in Error*, v. THOMAS K. SPENCER, AS SHERIFF OF
    HILLSBOROUGH COUNTY, *Defendant in Error*.

The action of the trial court in granting a motion for a new trial can
    not be reversed by the Supreme Court where several grounds of
    the motion are based upon the rulings of the court in giving or
    refusing to give instructions, and the ordinary bill of exceptions
    fails to exhibit a statement of the evidence upon which such
    instructions were based or a statement of the proofs showing
    the propriety or impropriety of such instructions, as re-
    quired by the rules of this court.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Hillsborough
county.

The facts in the case are stated in the opinion of the
court.

*Gunby & Gibbons* and *William Hunter* for plaintiff in
error.

*Sparkman & Carter* for defendant in error.

CARTER, J.—On May 20, 1898, plaintiff in error in-
stituted an action of replevin against defendant in error in
the Circuit Court of Hillsborough county to recover certain
personal property consisting of dry goods, clothing, shoes,
hats, furniture and store fixtures, which had been levied
upon by the defendant under certain writs of attachment.
The plaintiff claimed to have purchased the goods from the
attachment debtor just prior to the levy of the attachments,
and the defendant claimed that such purchase was void be-
cause fraudulent as to creditors. The defendant pleaded not
guilty, and a trial was had in December, 1898, resulting
in a verdict for plaintiff. Defendant moved for a new trial
assigning twenty-five grounds, six questioning the propriety

of the verdict under the evidence and the charge of the court, thirteen insisting that the court erred in giving certain instructions at the request of plaintiff, and the remaining six alleging error in the refusal to give certain instructions requested by defendant to which refusal exceptions were duly taken. The motion was heard, and on January 3, 1900, the court made an order granting it in general terms. From this order the plaintiff sued out this writ of error.

In *Baggett v. Savannah Florida & Western Ry. Co.,* 45 Fla. 184, 34 South. Rep. 564, it was held that the action of the lower court in granting a motion for a new trial can not be reviewed by this court where several of the grounds of the motion are based upon the rulings of the court in giving or refusing charges not before this court for consideration. In that case the charges were not set forth in the bill of exceptions, nor were they made a part of the record as provided in sections 1090 and 1091, Revised Statutes. In the present case the instructions given and refused are set forth in the ordinary bill of exceptions, but the ordinary bill does not contain any statement of the evidence upon which such instructions were based, nor does it contain any statement of the proofs showing the propriety or impropriety of such instructions, as required by the rules of this court. Because of these defects in the ordinary bill those grounds of the motion based upon instructions given or refused can not be reviewed, nor can this court declare that the trial court was in error in granting a new trial upon the grounds of the motion based upon those instructions. *Allen v. Lewis,* 38 Fla. 115, 20 South. Rep. 821; *Allen v. Lewis,* 43 Fla. 301, 31 South. Rep. 286. Under these circumstances it is unnecessary to consider the other grounds of the motion, as the order granting the new trial must be affirmed for the reason stated. *Baggett v. Savannah, Florida & Western Ry. Co., supra.*

The order granting the new trial will be affirmed at the cost of plaintiff in error.

SHACKLEFORD, J., and MAXWELL, J., being disqualified, took no part in the decision of this case.