E. D. HOBBS, *Plaintiff in Error, v.* JOHN K. CHEYNEY. *Defendant in Error.*

Where a motion for a new trial is made and the trial Judge states that he does not think the verdict is sustained by a preponderance of the evidence. and grants the motion, and no such preponderance of the evidence appears as would show an abuse of the Judge's discretion, his ruling will not be held reversible error.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Hilton S. Hampton,* for Plaintiff in Error;

*Wall & McKay,* for Defendant in Error.

HOCKER, J.—The plaintiff in error sued the defendant in error in the Circuit Court of Hillsborough County for commissions which plaintiff alleges was due him by the defendant for procuring a purchaser · for certain lands placed by the latter in the hands of the former for sale, but defendant declined to carry out the agreement made with the plaintiff. The action is based on the alleged breach of this agreement. · On the trial there was a verdict for the plaintiff. A motion for a new trial was made containing several grounds, which motion was granted. The trial Judge states in granting the motion that he did not think the verdict was sustained by a preponderance of the evidence, and that the jury did not regard the instructions as to the necessary constituents of a binding contract.

There was no substantial testimony as to the alleged agreement between the parties, except that of the parties themselves, and they are in conflict as to whether the alleged agreement or contract was ever made.

In support of the ground of the newly discovered evidence, an affidavit was filed tending to contradict in one particular the testimony of the plaintiff. We can discover no such preponderance of the weight of the evidence as would show an abuse of discretion by the trial judge in granting the motion.

Where a motion for a new trial is granted by the Circuit Court the presumption is, that it was properly granted. Farrell v. Solary, 43 Fla. 124, Louisville & Nashville R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Clary v. Isom, 55 Fla. 384, 45 South Rep 994; Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943.

The judgment below is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.