ANTOLIN ALLES, *Appellant*, v. FERNANDO DIAZ, *Appellee*.

Where the testimony is conflicting in an equity cause, but there is ample evidence to sustain the finding of the chancellor on the merits, and no errors of law appear, the decree will be affirmed.

This case was decided by Division A.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McCay,* for Appellant;

*F. M. Simonton,* for Appellee.

PER CURIAM.—The appellant filed a bill to dissolve an alleged copartnership with appellee and for a receiver and an accounting. The answer admitted a former partnership, but denied the then existence of a partnership and asserted an exclusive right to the property by virtue of conveyances for value made by the complainant to the defendant more than four years before this suit was brought. Replication was filed and voluminous testi-

mony was taken. The chancellor dismissed the bill and denied an application for a rehearing, and the complainant appealed.

Conveyances of property used by the former partnership and the possession of the defendant thereunder were shown in evidence. The complainant undertook to show that the asserted conveyances were not made for the purpose of depriving him of his right therein, but for other purposes personal to the complainant.

The testimony is conflicting, but there is ample evidence to sustain the finding in favor of the defendant. No rights of third parties are involved. The rights of the parties between themselves should be left as they themselves fixed them, no unilateral fraud or over-reaching being made to clearly appear as against the finding of the chancellor. See Baxter v. Liddon, 62 Fla. 428, 56 South. Rep. 410.

The decree is affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.