B. H. BEVERLY, *et al.*, *Plaintiffs in Error*, v. B. H. HARDAWAY, *Defendant in Error*.

Opinion Filed November 18, 1913.

1. The action of the trial judge granting a new trial is affirmed upon the principles set forth in Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1, and other decisions of this court.

2. Where a writ of error is taken to review the action of a trial court in granting a new trial, this court is confined to the consideration of the propriety of the action of the court granting a new trial.

Writ of error to Circuit Court, Franklin County; John W. Malone, Judge.

Judgment affirmed.

*Fred T. Myers* and *R. F. Burdine,* for Plaintiffs in error;

*T. L. Clarke,* for Defendant in error.

HOCKER, J.—B. H. Beverly and R. D. Fryer, late partners trading under the name of Beverly & Fryer, plaintiffs, brought an action at law against B. H. Hardaway, defendant, in the Circuit Court of Franklin County, to recover a balance alleged to be due them for piles furnished by them to the defendant for which he had not paid them. It is alleged in the declaration that the plaintiffs entered into a written contract with the defendant on the 12th of April, 1906, whereby plaintiffs agreed to furnish defendant with all piling necessary to complete the trestle work on the Apalachicola Northern Railroad from Apalachicola River to the end of the trestle on the East side of the East River, for which defendant agreed to pay 5c per lineal foot, the piles to be of long leaf yellow pine not less than 14 inches in diameter at the but, and 8 inches at the small end, subject to the inspection of the Morey Engineering & Construction Company in accordance with the specifications in their contract with B. H. Hardaway. It is alleged that prior to April 20th, 1906, plaintiffs began to deliver pilings to defendant according to the contract, and did deliver 657,025 lineal feet being all the pilings necessary to complete the trestle. The defendant thereby became in-

debted to plaintiffs in the sum of $32,851.25, of which he has paid $31,519.50, leaving a balance due of $1,331.75. The above synopsis will give an idea of the character of the action.

The defendant pleaded, first, never was indebted; second, that he did not promise as alleged, and fifth, that before action he discharged and satisfied plaintiffs' claim by payment. The defendant abandoned pleas of the Statute of Limitations. On the trial the jury found a verdict for the plaintiffs for $831.72 with 8% interest, but not naming the time from which interest was to run. The defendant made a motion for a new trial on eight grounds, the first four of which attack the verdict as not sustained by the evidence, and is contrary to law. The eighth ground attacks the verdict as indefinite, in that it fails to find from what time interest should begin to run. The other grounds need not be set forth.

In granting the motion for a new trial the Circuit Judge did not specify any particular ground thereof as being sustained, and thereby in effect sustained each of them. If the trial judge in the exercise of a sound judicial discretion might have granted the motion on any one of its grounds, this court should not disturb the judgment. Reddick v. Joseph, 35 Fla. 65, 16 South. Rep. 781; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286. In the case of Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283, this court laid down the rule which it has subsequently followed, *viz*: "A trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence, unless the weight of the testimony so clearly preponderates against the verdict found as to require its annulment in order to meet the demands of justice. But

trial courts, of necesity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court, acting under the statute (section 1267, Revised Statutes) authorizing writs of error from orders granting new trials, will not reverse such order unless it is affirmatively and clearly made to appear, from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. Simply because an appellate court, from the showing made in the record before it, might not have granted the new trial had it acted in the first instance in place of the trial judge, or because it would not under the same circumstances have disturbed a ruling denying such new trial, furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial." A mere conflict in the evidence does not compel a reversal of an order granting a new trial upon the final verdict. Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994. In this case the rule laid down in Farrell v. Solary, *supra,* was reaffirmed. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286.

The piling was delivered by the plaintiffs to the defendant in a number of rafts on the Apalachicola River during a period of several months. These rafts were first inspected by the defendant's agents, and finally by the engineer of the Morey Engineering & Construction Company. Defendant seems to have had on hand when plaintiffs began their delivery, a considerable quantity of piling. Upon the material question of how much piling

was delivered to defendant by the plaintiffs, and whether all that was delivered was paid for by the defendant, there is a serious conflict in the evidence. We have examined the evidence, and cannot discover such a clear preponderance thereof in favor of the plaintiffs, as to render the action of the trial judge in granting the motion for a new trial, a clear abuse of judicial discretion. We discover no sound reason for reversing his action.

The plaintiffs in error request the court to pass upon two questions involving the admissibility of evidence offered by the plaintiff on the trial, and rejected by the trial judge. These questions are not presented by the motion for a new trial. It is established by previous decisions that where a writ of error is taken to review the action of the court granting a new trial, this court is confined to the consideration of the propriety of the action of the court granting a new trial. Jones v. Jacksonville Electric Co., *supra;* Owens v. Wilson, 58 Fla. 335, 50 South. Rep. 674.

The order of the Circuit Court granting the new trial is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.