A. W. CARNEY, *Plaintiff in Error,* v. J. D. STRINGFEL-
LOW AND M. G. STRINGFELLOW, AS COPARTNERS, *De-
fendants in Error.*

Opinion Filed March 24, 1917.

1. On writ of error taken under the statute to an order granting
   a new trial in a civil action at law the only questions to be
   considered are those involved in the order granting a new
   trial.

2. A stronger showing is required to reverse an order allowing a
   new trial than to reverse one denying it.

3. Where the trial court grants a new trial containing several
   grounds without stating any ground upon which the ruling
   was based, the order will be affirmed if any ground of the
   motion is sufficient to authorize the granting of the new trial.
   And it must be assumed that the court based the order on the
   grounds that warrant it.

4. Where a new trial is granted, and there is such a conflict in
   the evidence that this court cannot say the trial judge abused
   his discretion in granting such new trial, his ruling will not
   be disturbed.

5. Where the evidence on a material issue in a cause is conflicting,
   and it does not so preponderate in favor of the verdict as to
   show an abuse of discretion or the violation of any provision
   or settled principle of law in granting a new trial, the action
   of the trial court will not be disturbed on writ of error.

6. There are so many matters occurring in the course and progress
   of a judicial trial that, in the opinion of the judge who tried
   the case, may affect the merits and justice of the cause to
   the substantial injury of one of the parties, that of necessity
   a large discretion should be accorded to the trial court in
   granting a new trial, to the end that the administration of
   justice may be facilitated; and the appellate court will not re-
   verse an order granting a new trial, unless it clearly appears
   that a judicial discretion has been abused in its exercise,
   resulting in injustice or that the law has been violated.

7. A trial court should not direct a verdict for one party where there is evidence that would legally support a verdict for the opposite party, for the reason that the parties are entitled to a jury trial of the issue of fact presented. But a party against whom a verdict is rendered is also entitled to the benefit of the judgment of the trial court on the justice as well as on the legality of the verdict rendered.

8. Although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted if duly made.

9. While the legal sufficiency of the evidence to support the verdict for one party will make a directed verdict for the other party improper, yet the mere legal sufficiency of the evidence to support a verdict rendered will not preclude the trial court from granting a new trial where the verdict does not do substantial justice in the cause or is against the manifest weight and probative effect of the evidence.

10. Trial courts have much more latitude of discretion in granting new trials on the evidence than have the appellate court; and the trial courts should exercise this discretion so as to facilitate the administration of justice.

11. The right of parties to have the trial court review the verdict with reference to the evidence is consistent with the right to a jury trial. If a new trial is granted, it merely gives the right to present the issues in the case to another jury for determination. This is a means afforded by law for the correction of any injustice that may be done by a verdict found, without the delay and expense of appellate proceedings.

12. The statute authorizes a writ of error to an order granting a new trial; and by this means if the trial court abuses its discretion in granting a new trial when in law the evidence requires the verdict to be as found, such abuse may be corrected by the appellate court.

13. The action of the trial court in granting a new trial will not be reversed by the appellate court unless some settled principle of law has been violated or a plain case of abuse of discretion

is shown, the presumption in all cases being that the trial court properly granted a new trial.

14.  A party litigant in a common law action has in general a right to a verdict of a jury, and also to a review of the verdict by the trial court.

15.  Where a motion for new trial is duly made, the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon.  If upon a motion for new trial duly made the trial judge is of opinion that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted.

Writ of Error to Circuit Court for Hernando County; W. S. Bullock, Judge.

Order affirmed.

*Davant & Davant*, for Plaintiff in Error;

*W. S. Broome*, for Defendants in Error.

WHITFIELD, J.—Carney brought an action for damages alleging malicious prosecution.  There was judgment for the plaintiff.  The court granted a new trial and the plaintiff took writ of error under Section 1695 of the General Statutes of 1906.  The grounds of the motion for new trial include those that the verdict is contrary to the evidence and the court did not indicate on which ground the motion was sustained.

The only question to be considered on a writ of error taken under the statute to an order granting a new trial "to review said order" is whether the court erred in granting the new trial.  §1695 Gen. Stats. 1906; Compiled Laws 1914; Jones v. Jacksonville Electric Co., 56 Fla. 452. 47 South. Rep. 1.

On writ of error taken under the Statute to an order granting a new trial in a civil action at law the only questions to be considered are those involved in the order granting a new trial.

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

Where the trial court grants a new trial containing several grounds without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the grounds that warrant it.

Where a new trial is granted, and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such a new trial, his ruling will not be disturbed.

Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error.

There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice or that the law has been violated. Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Georgia

Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 South. Rep. 838; Mizell Live Stock Co. v. Pollard, 71 Fla. 192, 71 South. Rep. 31; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44; Alles v. Diaz, 62 Fla. 421, 57 South. Rep. 614; Beverly v. Hardaway, 66 Fla. 177, 63 South. Rep. 702; Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49; Citizens Bank & Trust Co. v. Spencer, 46 Fla. 255, 35 South. Rep. 73; Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582; Hobbs v. Cheyney, 62 Fla. 214, 56 South. Rep. 554; Connor v. Elliott, 59 Fla. 227, 52 South. Rep. 729.

While it is the proper function and province of the jury to compare and weigh complicated and contradictory evidence of facts, and to render their verdict thereon, it is at the same time true that in cases where there is conflict in the testimony, it is within the province and power of the court to set aside a verdict which does not reach a substantially just conclusion in cases where the conflicts are of such character and the circumstances of such nature as to give ground for the belief that the jury acted through prejudice, passion, mistake or any other cause which should not properly control them. This power exists in the court. In exercising it the court does not encroach upon the province of the jury, for the reason that it does not conclusively settle facts in the form of a verdict, but only gives another jury the opportunity of so doing, and of correcting what appears to be a mistake. If this is not properly within the powers of the court, then the result is that the first twelve men that happen to constitute a jury in a given case are by law the final arbiters of the facts in that case. There is no such principle of law.

This is a conservative and justly prized power of the court; like all powers it may be abused. It is much better,

however, that exceptional cases of its improper exercise should be endured than that the security which it affords should be withdrawn. The rule which should govern a court in the exercise of this power should be a fair view of the justice of the particular case, the character of the conflicting testimony, and the surrounding circumstances, rather than an extraordinary degree of respect for the maxim *ad questionem facti non respondent judices ad questionem legis non respondent juratores*—and wherever it appears to the court that there is difficulty in reconciling the verdict with the justice of the case, and the manifest weight of evidence, there the court should not, from a too great respect for this wise and venerable maxim, withhold its power. This is the rule which should govern the judge of the court presiding at the trial, who has the same opportunity as the jury to observe what occurs in the trial. In all cases of appeal the presumption is that he exercised this discretion properly, and the case is not presented to this court as it was to him, because this additional presumption is added to the verdict. Where he has declined to disturb the verdict of the jury, a very clear and strong case must be made out before this court would feel justified in reversing his action. It should be a very plain case to justify an appellate court in setting aside this concurrent conclusion of both court and jury, upon the ground that their action was contrary to the evidence or weight of evidence. Schultz v. Pacific Ins. Co., 14 Fla. 73.

A trial court should not direct a verdict for one party where there is evidence that would legally support a verdict for the opposite party, for the reason that the parties are entitled to a jury trial of the issue of fact presented. But a party against whom a verdict is rendered is also entitled to the benefit of the judgment of the trial court

on the justice as well as on the legality of the verdict rendered. And although a motion for a directed verdict for one party may be denied, yet in the same case if the trial court is of opinion that the verdict does not accord with the manifest weight of the evidence and the substantial justice of the cause, a new trial should be granted if duly made. While the legal sufficiency of the evidence to support a verdict for one party will make a directed verdict for the other party improper, yet the mere legal sufficiency of the evidence to support a verdict rendered will not preclude the trial court from granting a new trial where the verdict does not do substantial justice in the cause or is against the manifest weight and probative effect of the evidence. Florida East Coast R. Co. v. Hayes, 66 Fla. 589, text 595, 64 South. Rep. 274; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44. Trial courts have much more latitude of discretion in granting new trials on the evidence than have the appellate court; and the trial courts should exercise this discretion so as to facilitate the administration of justice. The right of parties to have the trial court review the verdict with reference to the evidence is consistent with the right to a jury trial. If a new trial is granted, it merely gives the right to present the issues in the case to another jury for determination. This is a means afforded by law for the correction of any injustice that may be done by a verdict found, without the delay and expense of appellate proceedings. As the trial judge sees the witnesses and hears them testify, and knows all the circumstances of the case as it is developed at the trial, which matters cannot be presented to the appellate court, he is in a better position to determine the justice of the verdict on the evidence than is the appellate court; and the proper exercise of the trial court's wide discretion in granting new trials on the

evidence secures justice to the parties and prevents needless expense and delay. The statute authorizes a writ of error to an order granting a new trial; and by this means if the trial court abuses its discretion in granting a new trial when in law the evidence requires the verdict to be as found, such abuse may be corrected by the appellate court. Fienberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriters' Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210. Where some settled principle of law is violated by the trial court in granting a new trial the appellate court may correct the error. Winn v. Coggins; 53 Fla. 327, 42 South. Rep. 897; Nathan v. Thomas, 63 Fla. 237, 58 South. Rep. 247; Georgia Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 South. Rep. 838. But the action of the trial court in granting a new trial will not be reserved by the appellate court unless some settled principle of law has been violated or a plain case of abuse of discretion is shown, the presumption in all cases being that the trial court properly granted a new trial. Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286.

A party litigant in a common law action has in general a right to a verdict of a jury, and also to a review of the verdict by the trial court.

Where a motion for new trial is duly made, the party making it is entitled to the benefit of the judicial opinion of the trial judge thereon. If upon a motion for new trial duly made the trial judge is of opinion that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted. Seaboard Air Line Ry. v. Anderson, 73 Fla. 1, 73 South. Rep. 873; Tampa Water Works

Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943; Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; McDonald v. State, 56 Fla. 74, 47 South. Rep, 485; Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Dominguez v. Citizens Bank & Trust Co., 62 Fla. 148, 56 South. Rep. 682; Zackary v. Georgia, F. & A. R. Co. 62 Fla. 419, 56 South. Rep. 686; Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786.

In this case the evidence as to the liability of the defendants is conflicting in essential particulars and the evidence does not in law require a verdict for the plaintiff. It cannot be said that in granting the motion for new trial the court violated any settled principle of law or abused a judicial discretion.    Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Reddick v. Joseph, 35 Fla. 65, 16 South. Rep. 781.

The order is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.