Ruby Woods, J. C. Johnson, Jimmie Johnson and Aubrey Johnson, by their next friend, C. C. Powell, *Plaintiffs in Error*, v. Atlantic Coast Line Railroad Company, a Corporation, *Defendant in Error*.

Division A.

Opinion filed October 18, 1930.

*Anna A. Krivitsky,* for Plaintiffs in Error;

*Kelly & Shaw,* for Defendant in Error.

ELLIS, J.—The Plaintiffs in error by their next friend brought an action against the Atlantic Coast Line Railroad Company, a railroad corporation, for damages for the wrongful death of their father, William H. Johnson, alleged to have been killed by the defendant at a railroad crossing in the town of Dunedin on the night of July 18, 1925, at about eight-thirty o'clock. The action was brought in the Circuit Court for Pinellas County two years thereafter. At the time of bringing the action the plaintiffs were minors. During the trial the court permitted a nonsuit to be taken by Ruby Woods, one of the plaintiffs. A verdict was rendered for the remaining plaintiffs in the sum of eight hundred dollars which upon motion of the defendant was set aside and a new trial awarded. A writ of error was taken by the plaintiffs to that order.

The declaration alleges that the death of Johnson was caused by the defendant in the careless and negligent operation of its train at the crossing which is known as the Tilden Street Crossing.

The defendant pleaded not guilty. The trial judge granted the motion for a new trial because he was of the opinion that the evidence was insufficient to support the verdict. The motion was granted although the court had denied a motion by the defendant for a directed verdict in its behalf. There was no inconsistency in this action, the trial court being of the opinion that the verdict did not accord with the manifest weight of the evidence and the substantial justice of the case. See Florida Power Company v. Cason, 79 Fla. 619, 84 So. R. 921.

The doctrine has often been announced by this Court that a large discretion should be accorded to the trial court

in granting a new trial and that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. R. 44; The Anthony Farms Co. v. S. A. L. Ry., 69 Fla. 188, 67 So. R. 913; Carney v. Stringfellow, 73 Fla. 700, 74 So. R. 866; Cheney v. Roberts, 77 Fla. 324, 81 So. R. 475.

In such case the record should affirmatively show an abuse of sound discretion or that some settled principle of law has been violated to warrant an interference by this Court with the order. Anthony Farms Co. v. Seaboard Air Line Ry., *supra*.

Even where there is a conflict of evidence the order granting a new trial will not be disturbed in the absence of abuse of discretion and violation of settled law. Carney v. Stringfellow, *supra*; Orchard v. Charlotte Harbor & N. Ry. Co., 66 Fla. 353, 63 So. R. 717. See also Connor v. Elliott, 59 Fla. 227, 52 So. R. 729; Zackary v. Georgia, F. & A. Ry. Co., 62 Fla. 419, 56 So. R. 686; Acosta v. Gingles, 65 Fla. 507, 62 So. R. 582; Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 So. R. 49; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. R. 339.

There are three grounds upon either of which the court under the rule above announced may have granted the motion with propriety.

The first ground is that the evidence is by no means conclusive that Johnson was injured by the train of the defendant company and that his death resulted from such injury. The evidence as to the cause of his death was circumstantial but by no means conclusive that it resulted from injury by the passing train. Nearly an hour and a quarter elapsed after the train crossed Tilton Street Crossing before the body was found. When found it was cold and, as one witness said, stiff. Yet the body was found

near the crossing about eight or ten feet south of the street which was one of the frequently used highways. Wounds upon the body indicated that the man may have been struck by the passing train and there were other circumstances which were confirmatory of such theory, such as a straw hat and bundle of laundry belonging to him being found near his body but further south of the street.

The train which passed at eight-thirty P. M. was going south and its speed was reduced preparatory to coming to a full stop at the station about two city blocks further south. It is remarkable that the body should have remained at that place undiscovered for so long a time if the man had in fact been struck by the train and killed. The facts are not inconsistent with the theory that the man was killed by a passing automobile.

In any event, the fact of injury by the defendant corporation was not sufficiently established to cast the burden of showing the exercise of reasonable care in the operation of the train upon the defendant. The second point is that the evidence in behalf of the defendant that reasonable care was exercised by its employees in operating the train at the crossing was not met by the plaintiff. Indeed the evidence tending to show such care and diligence in the operation of the train was not refuted or attempted to be refuted by the plaintiff. They relied upon what they deemed to be the inherent weakness of the testimony. See Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. R. 193.

The third point is the insufficiency of the evidence as to the earning capacity of the deceased and the reasonableness of the plaintiffs' expectancy of benefit from it.

Four or five years before the death of Johnson he had abandoned his wife and children in Texas and although a man of some means and in reasonably good health had contributed nothing during that time to their maintenance and

support. He appeared to be physically and mentally able to earn enough money for his own support but there is no evidence of his capacity beyond that. His wife had divorced him for cruelty to her and the children and he had left them evidently to shift for themselves. He had renounced his responsibility and denied by his conduct his obligation to provide for them.

In this view of the case and under the rule announced we are constrained to affirm the order granting a new trial.

The order is affirmed.

TERRELL, C. J., and BROWN, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.