LILLIAN W. SEIDEL v. ANDREW EDMISTON, JR., *et al.,* Executors.

150 So. 878.
Division A.
Opinion Filed Nov. 17, 1933
Rehearing Denied Dec. 11, 1933

*Nottingham & Dennison,* for Plaintiff in Error;
*Fee & Liddon,* for Defendant in Error.

PER CURIAM.—This was an action at law against the grantee in a deed who, so the plaintiff below alleged, had assumed and agreed to pay certain notes and a mortgage against the property conveyed, but who had not done so. Judgment on a directed verdict was entered for plaintiff. Defendant has taken writ of error.

The Court is of the opinion that, as a matter of law, there was no really opposing evidence of the issues made by the pleadings, and that the evidence as a matter of law clearly showed the right of the plaintiff below to recover on the assumption agreement sued on. So the directed verdict for plaintiff was proper. Bland v. Fidelity Trust Co., 71 Fla. 499, 71 Sou. Rep. 630, L. R. A. 1916F 209; Section 4363 C. G. L., 2696 R. G. S. The case of Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866, holding that the Court should not direct a verdict for one party merely because if the verdict were rendered for the opposite party a new trial would be granted, is recognized as the prevailing

804

·rule of law on the subject of directed verdicts in this State, but the Court is of the opinion that the legal effect of the evidence shows the right of plaintiff to a recovery as a matter of law so the cited case is not applicable to the situation presented by this record.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., absent and not participating on account of ·illness.