F. & R. CORPORATION, etc., v. T. R. CAMPBELL, *et al.*

166 So. 596.

Division B.

Opinion Filed February 29, 1936.

Rehearing Denied March 30, 1936.

*Oscar S. Miller,* for Plaintiff in Error;

*G. C. Durrance,* for Defendant in Error.

Buford, J.—The writ of error brings for review judgment awarding a new trial on motion made therefor in an ejectment suit after judgment in favor of plaintiff.

The order granting the new trial is as follows:

"This cause was duly presented by counsel for the parties upon defendants' motion for a new trial.

"By the verdict, which insofar as the description is concerned follows the declaration, plaintiff is entitled to the possession of all of Lot Twenty-eight, except the part located on, the lake side or northwest side of 'the County Road' that was in existence in 1922. It seems clear from the evidence that the County Road did traverse Lot Twenty-eight but the verdict in its present form is not sufficiently clear to show just where it did cross the lot. It is not sufficiently definite to enable the Sheriff to execute a writ of possession and place the plaintiff in possession of the land to which the plaintiff may be entitled, with any reasonable degree of certainty.

"It is the view of the Court that the other grounds of the defendants' motion for new trial, except the ones rais-

ing the question of the sufficiency of the description, are not well founded. Therefore, solely by reason of the lack of a reasonably certain and definite description of the lands involved in the verdict, it is the conclusion of the Court that the motion for new trial should be granted. Thereupon:

"It Is Ordered and Adjudged that the defendants' motion for new trial be granted; that the judgment heretofore entered herein dated July 13, 1934, be vacated; and that sixty days from date be allowed for settling a bill of exceptions. To which plaintiff excepts. Exception noted."

In McCain v. Talley, 119 Fla. 232, 161 Sou. 66, we said:

"This Court has repeatedly held that on writ of error taken under the statute to an order granting a new trial in a common law action the only question before the Court is the propriety of the order granting the new trial. Miami Transit Company v. Mowrey, 103 Fla. 840, 138 So. 481; Phillips v. Garrett, 109 Fla. 435, 147 So. 857; Cheney v. Roberts, 77 Fla. 324, 81 Sou. 475; Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Beverly v. Hardaway, 66 Fla. 177, 63 Sou. 702."

It is contended that the Court was without jurisdiction to consider and grant motion for a new trial because the motion for new trial was not duly presented to the judge of the lower court, it being the contention of counsel that the time within which the motion could be presented had expired before the motion was presented to the trial judge.

The record shows that on July 17, 1934, the verdict of jury was returned. On July 18, 1934, final judgment was entered. On July 20, 1934, a stipulation of counsel was entered into extending the time until July 25, 1934, for filing, presenting and disposing of motion for new trial. On July 20, 1934, the Court made an order extending the

time for filing and presenting motion for new trial. On July 25, 1934, motion for new trial was filed by the Clerk of the Circuit Court and notice of hearing was served on opposing counsel, as to which they accepted service.

On August 17, 1934, the Court made the order above referred to granting a new trial.

On September 20, 1934, motion for rehearing was filed. Motion for rehearing stated the following grounds:

1. "That the location of the land involved in and described in this action was at the trial established by layman, and testimony of a competent surveyor is not required to locate said lands.

2. "That location of said land by layman is sufficient under the law in ejectment proceedings in Florida.

3. "That defendants failed to raise objection relative to location of said land as constituting insufficient description at the time of the admission of the various deeds conforming to the pleadings in said action.

4. "That defendant cannot in motion for new trial as first time raise objection to evidence, theretofore admitted at trial without objection thereto.

5. "That defendants failed to show that this court in motion for new trial was without jurisdiction over the land in question, hence, ground of motion for new trial attacking land description as insufficient, is not raised at opportune time therefor unless court is clearly without jurisdiction.

6. "That the land set out in the pleadings and verdict and final judgment in this action was known to and identified by all the witnesses at trial testifying, whether for the plaintiff or for the defendants."

It will be observed that there was no contention made in the lower court that the motion for new trial had not been

timely presented to the judge. The recital in the order granting the new trial to-wit: "This cause was duly presented by counsel for the parties upon defendants' motion for a new trial," without an affirmative showing to the contrary, must be taken as an adjudication by the court below that the presentation of the motion for new trial had been made in accordance with law and the rules of practice.

The declaration, verdict and judgment described the lands involved as follows:

"All of Lot Twenty-eight (28) of Ridgeway Beach, according to plat thereof on file in the office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida, in Plat Book 7 at page 11, except therefrom the land located on the lake side or northwest side of the county road referred to in conveyance from Pahokee Realty Company, as grantor, to George F. Reed, as grantee, bearing date of November 10, 1922, filed November 29, 1922, and recorded in Deed Book 133 at page 59 on file in the office of the Clerk of the Circuit Court, in and for Palm Beach County, Florida."

The record shows that there are at least two, and probably three roads, either of which may have been referred to as "County Road" in the description and, as implied by the trial judge in his order granting a new trial, the record fails to show an adjudication as to which of such roads was the boundary line of the property described. It, therefore, follows that the description is not sufficiently definite to meet the requirements of Section 3238 R. G. S., 5046 C. G. L.

With this state of facts apparent in the record, we cannot say that it has been made clearly to appear that the trial court abused its judicial discretion in awarding new trial.

The order awarding a new trial should be affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.