JAS B. GIBSON, JR., v. PAULINE LEIIDE, a widow.

175 So. 726.
Opinion Filed June 28, 1937.
Rehearing Denied July 29, 1937.

*Samuel Feinberg* and *Eldridge Cutts,* for Plaintiff in Error.

*Peyton T. Jordan* and *Altman & Cooper,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review an order granting a new trial.

The order granting new trial was as follows:

"It is thereupon ORDERED AND ADJUDGED that the plaintiff's motion for a new trial be and is hereby granted and the said verdict set aside, and the plaintiff is granted a new trial for the reasons, to-wit:

"1. That the evidence does not sustain the verdict.

"(a) There is no testimony to show that the plaintiff's attorney had express authority to make the agreement claimed by the defendant.

"(b) There is no testimony to show that the plaintiff ratified the agreement claimed to have been made by the defendant with the plaintiff's attorney.

"2. That the ratification relied upon by the defendant at the trial of the said cause was not specially pleaded.

"3. That it was error to have admitted in evidence the testimony offered by the defendant relative to his general reputation for truth and veracity.

"The defendant's motion to amend judgment *nunc pro tunc* and motion to strike the name of Peyton T. Jordan as attorney for the plaintiff be and are each denied."

If either ground on which order granting new trial is based finds substantial support in the record the same will not be disturbed on appeal. An order granting a new trial will not be reversed where no abuse of sound discretion in granting same is made to appear. See Ziegler v. Erler

Corp., 102 Fla. 981, 136 Sou. Rep. 718. This rule is applicable where there is a conflict in evidence. Woods v. Atlantic Coast Line Ry. Co., 100 Fla. 909, 130 Sou. Rep. 601.

The record at most shows only an agreement for accord and satisfaction of the notes sued on, which alleged agreement was without consideration, contemplated the conveyance of real estate and was not in writing and for these reasons were not enforceable in law or equity.

It therefore follows that the order granting new trial should be affirmed.

It is so ordered.

ELLIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

MR. JUSTICE DAVIS wrote the following specially concurring opinion in this case.

DAVIS, J. (especially concurring).—I agree that the third ground of the motion for a new trial was well taken so I concur in affirming the order setting aside the verdict on that ground. Further than this I am not prepared to go at this time.

Where a trial judge is impressed with the idea that inadmissible, or material but unimportant, evidence of a collateral character has been admitted and has *unduly* influenced a verdict for one party he may exercise a sound discretion to grant a new trial in order that the case may be retried under circumstances not leaving the basis for the jury's verdict in doubt as to the soundness of its foundation.