A. M. KIGHT v. AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK.

179 So. 792.
Opinion Filed March 11, 1938.

*W. B. Dickenson, Joseph E. Williams* and *Edwin R. Dickenson,* for Plaintiff in Error;

*Sutton, Reeeves & Hobbs,* for Defendant in Error.

CHAPMAN, J.—This is a writ of error sued out to an an order of the Circuit Court of Hillsborough County, Florida, granting a new trial. Plaintiff sued defendant to recover for a fire loss on a policy of fire insurance issued by the defendant to Augusta L. Gillean, with a standard mortgage clause to the plaintiff. The policy of insurance was for the sum of $2,000.00, while the face of the notes and mortgage was in the sum of $4,500.00. The declaration is in the form prescribed by the statute.

The defendant filed pleas to plaintiff's declaration, viz.: (1) Denial that assured was indebted to the plaintiff; (2) denial of any unpaid indebtedness from the assured to the

plaintiff; (3) denial of a valid mortgage on the real estate and against the proceeds of the insurance; (4) that the equitable ownership of the property was not in plaintiff but plaintiff's father, John C. Sumner; (5) that John C. Sumner was the owner of the note, mortgage and insurance; (7) plaintiff held the note and mortgage as trustee for her father; (8) plaintiff was not the sole owner of the insured property; (9) the true value of the insured property did not exceed $1,000.00.

The cause was submitted on the aforesaid issues, with appropriate instructions, and a verdict was rendered in behalf of the plaintiff. The defendant filed a motion for a new trial on a number of grounds. On the 22nd day of March, 1937, the court below granted the motion for a new trial on the grounds of the motion numbered 3 to 8, inclusive, and 19 to 22, inclusive, viz.:

"3rd. Because said verdict is contrary to the law and the evidence.

"4th. Because the jury, in determining the questions of fact involved, did not consider material evidence of the defendant.

"5th. Because the jury, in determining the questions of fact, did not consider the charges of the Court sufficiently.

"6th. Because the jury failed to give due consideration to the evidence of the defendant, and rendered its verdict contrary to the law, the justice of the law, and the manifest weight of the evidence.

"7th. Because this cause has heretofore been tried in this Court, and the jury brought in a verdict in favor of the defendant, the said cause appealed to the Supreme Court of Florida, which court reversed the case for a new trial solely on the question of admissibility of certain evidence, and during the last trial of this cause counsel for the plaintiff, in the presence of the jury, made the statement that he had

obtained a reversal of the cause in the Supreme Court, and the jury in determining the issues in this cause was prejudiced by the remarks of said counsel.

"8th. Because the jury was influenced and prejudiced by statements of fact made by counsel for plaintiff in argument of the case, in that counsel did state before the jury, in his argument, the facts and circumstances surrounding a certain fire in Ybor City, Tampa, Florida, which counsel referred to as the Irish Cafe suit, did state facts and circumstances in connection with a certain explosion and fire in Ybor City, referred to by counsel in his argument as the Falsome Bar case, that counsel for plaintiff, in his argument to the jury, did likewise state that during his legal experience he had represented a large number of people charged with arson; that he knew, under the facts and circumstances in this case, that the man or men who were seen leaving the fire immediately after it started, did not set fire to it; that counsel for plaintiff, in arguing the case to the jury, did state to the jury that he had known one of the witnesses in the case for fifteen years, and had known the witness's wife for some thirty-five years, and that some thirty-five years ago he had drawn certain papers and represented the witness's wife, all of which was prejudicial to the defendant before said jury. * * *

"19th. Because the verdict is contrary to law, the justice of the cause, and the manifest weight of the evidence.

"20th. Because of improper remarks made by counsel for plaintiff in the argument of the case to the jury, in that said attorney did refer to the defendant as a big corporation or insurance company, which collected the premiums, put them in its pocket, but refused to pay losses, which remarks were prejudicial to the defendant.

"21st. Because of improper remarks made by counsel for plaintiff in the argument to the jury, in that counsel

for plaintiff, in his argument to the jury, in referring to another fire in which the title to the property stood in the name of Minnie A. Sumner, did state that if the insurance company involved had known or believed that the said Minnie A. Sumner was not the sole and unconditional owner of the property, that the said insurance company would not have paid said claim, which remarks were highly prejudicial to the defendant in this cause.

"22nd. Because of improper remarks of counsel for plaintiff, in his argument before the jury, in that counsel for plaintiff, in arguing the case to the jury, did state, as a matter of fact, that a fire inside a house that is closed will go out and not burn the building; that there was no testimony to such effect given at the trial of said cause, and no basis whatever for said remarks by counsel; and that said remarks were prejudicial to the rights of the defendant."

This Court has held when considering several grounds of a motion for a new trial, if either ground thereof finds substantial support in the record, the said order granting a new trial will not be disturbed on writ of error to this Court. See Gibson v. Lehde, 128 Fla. 703, 175 Sou. 726. Likewise it has been held, even where there is a conflict in the evidence, the order granting a new trial will not be disturbed in the absence of abuse of discretion and violation of settled law. See Woods v. A. C. L. R. R. Co., 100 Fla. 909, text 911, 130 So. 577, and authorities cited. In the case of Herrin v. Avon Mfg. Co., 87 Fla. 385, text 387, 100 So. 174, this Court said:

"* * * The order of the trial court in granting the new trial is presumably proper. It does not affirmatively appear from the record that judicial discretion has been abused, resulting in injustice, or that any law has been violated in granting a new trial. * * *"

In Beckwith v. Bailey, 119 Fla. 316, text 325, 161 So.

576, this Court had before it for review an order granting a motion for a new trial on several different grounds and the order granting the new trial failed to name or specify any ground on which the ruling was based, and the order granting the new trial was affirmed, and in doing so this Court said:

"Where a trial court grants a new trial on a motion containing several grounds without stating any ground on which the ruling was based, the order will be affirmed when authorized by any ground of the motion. See Beverly v. Hardaway, 66 Fla. 177, 63 Sou. Rep. 702; Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 Sou. Rep. 682; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 Sou. Rep. 44; Anthony Farms Co. v. Seaboard Air Line Ry. Co., 69 Fla. 188, 67 Sou. Rep. 913; Mizell Livestock Co. v. Pollard, 71 Fla. 192, 71 Sou. Rep. 31; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866; Goodno v. South Florida Farms Co., 95 Fla. 90, 116 South. Rep. 23; Luria v. Bank of Coral Gables, 106 Fla. 175, 142 Sou. Rep. 901, 143 Suo. Rep. 598; Scott v. National City Bank of Tampa, 107 Fla. 818, 146 Sou. Rep. 573; Preacher & Co. v. Sarasota Bay Hotel Co., 112 Fla. 432, 150 Sou. Rep. 590."

In considering an order granting a new trial in the case of Carney v. Stringfellow, 73 Fla. 700, text 703, 74 So. 866, it was said by Mr. Justice WHITFIELD in behalf of this Court:

"On writ of error taken under the Statute to an order granting a new trial in a civil action at law the only questions to be considered are those involved in the order granting a new trial.

"A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

"Where the trial court grants a new trial containing several grounds without stating any ground upon which the

ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the grounds that warrant it.

"Where a new trial is granted, and there is such a conflict in the evidence that the court cannot say the trial judge abused his discretion in granting such a new trial, his ruling will not be disturbed.

"Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error.

"There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice or that the law has been violated. Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Georgia Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 South. Rep. 838; Mizell Live Stock Co. v. Pollard, 71 Fla. 192, 71 South. Rep. 31; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44; Alles v. Diaz, 62 Fla. 421, 57 South. Rep. 614; Beverly v. Hardaway, 66 Fla. 177, 63 South. Rep. 702; Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49; Citizens Bank & Trust Co. v. Spencer, 46 Fla. 255, 35 South. Rep. 73; Acosta v. Gingles,

65 Fla. 507, 62 South. Rep. 582; Hobbs v. Cheney, 62 Fla. 214, 56 South. Rep. 554; Connor v. Elliott, 59 Fla. 227, 52 South. Rep. 729."

Likewise in Ruff v. Georgia S. & F. Ry Co., 67 Fla. 224, text 231-2, 64 So. 782, Mr. Justice WHITFIELD, in behalf of the Court, said:

"Pursuant to these statutory provisions it is the duty of the Appellate Court, in appropriate proceedings, duly taken, not only to review questions of law, but to determine whether the evidence is sufficient to sustain the findings of fact in a cause; and if material error appears in such findings that probably causes substantial injustice, it is the duty of the court to correct the error by appropriate proceedings. On writ of error taken under the statute to an order, granting a new trial, the court shall review the said order.' If the motion granted duly questions the sufficiency of the evidence to sustain the verdict, the appellate court may review the evidence where it is proper to do so in adjudicating the correctness of the order granting the new trial. Where error is found in the order granting a new trial, the statute provides that the appellate court 'shall direct a final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail.' By this latter provision the statute recognizes the common law right to have judgment rendered in accordance with the pleadings in the cause."

Assignments on grounds numbered 7, 8, 20, 21, and 22 of the motion for a new trial are each predicated on remarks of counsel for plaintiff below before the jury during the trial or progress of the cause. Our examination of the bill of exceptions fails to show that the remarks of counsel for plaintiff below if and when made were brought to the

attention of the court and that the court requested to rule on the propriety thereof and thereafter an exception to said adverse ruling requested and allowed and same incorporated in and made a part of the duly authenticated bill of exceptions in the cause. It cannot be presented here in the form of a motion for a new trial, being *in pais,* when no evidence thereof appears in the bill of exceptions. The rule was enunciated in the case of Thomas v. State, 47 Fla. 99, text 104, 36 So. 161, when the Court said:

"The thirteenth ground of the motion is based upon an alleged remark of the State Attorney in his argument to the jury. The bill of exceptions does not show that the remark was made, otherwise than by an affidavit made by defendant's counsel filed with the motion for a new trial. This alleged remark being a matter *in pais* occurring during the trial should have been set out in the bill of exceptions as having been made, and it is very doubtful if an appellate court can consider it when evidenced to it only by an affidavit filed with the motion for a new trial, but however this may be, it is clear that we cannot consider the propriety of the alleged remark in this case, as it does not appear to have been objected to and a ruling of the court obtained thereon. It is true the affidavit alleges that defendant's counsel heard the remark 'and then and there excepted to same,' but an exception alone is insufficient. The matter must be brought to the attention of the court, a ruling obtained thereon and an exception taken to the ruling in order to require an appellate court to consider it. Willingham v. State, 21 Fla. 761; Michael v. State, 40 Fla. 265, 23 South. Rep. 944. In this case it does not appear that the matter was in any way brought to the attention of the court until the motion for a new trial was made, and it was then too late to obtain the ruling necessary to enable this court to consider it."

In the case of Schultz v. The Pacific Insurance Co., 14 Fla. 73, Text 93-94, the Court had before it the question of granting a new trial and (in doing so) said:

"The verdict of the jury here is founded on the evidence of facts, complicated and contradictory, which required an investigation into the character and credit of the witnesses, whose testimony it was necessary to compare and weigh. To do this is the proper function of a jury. 1 Brevard, 150; 2 Stranges, 1, 142; 2 Burr, 665; 1 Wils., 22; 1 Burr, 396, 609; Cowp., 37; 2 Wils. 249; 3 Wils. 47.

"While it is true that this is the proper function and province of the jury, it is at the same time true that in cases where there is conflict in the testimony, it is within the province and power of the court to set aside a verdict which does not reach a substantially just conclusion in cases where the conflicts are of such character and the circumstances of such nature as to give just ground for the belief that the jury acted through prejudice, passion, mistake or any other cause which should not properly control them. This power exists in the court. In exercising it the court does not encroach upon the province of the jury, for the reasons that it does not conclusively settle facts in the form of a verdict; but only gives another jury the opportunity of so doing, and of correcting what appears to be a mistake.. If this is not properly within the power of the court, then the result is that the first twelve men that happen to constitute a jury in a given case are by law the final arbiters of the facts in that case. There is no such principle of law.

"This is a conservative and justly prized power of the court; like all powers it may be abused. It is much better, however, that exceptional cases of its improper exercise should be endured than that the security which it affords should be withdrawn. The rule which should govern a court in the exercise of this power should be a fair view of

the justice of a particular case, the character of the conflicting testimony, and the surrounding circumstances, rather than an extraordinary degree of respect for the maxim, *ad questionen facti non respondent judices ad questionem legis non respondent juratores,* and wherever it appears to the court that there is difficulty in reconciling the verdict with the justice of the case, and the manifest weight of the evidence, there the court should not, from a too great respect for this wise and venerable maxim, withhold its power. This is the rule which should govern the judge of the court presiding at the trial, who has the same opportunity as the jury to observe what occurs in the trial * * *."

See: Ruff v. Georgia, etc., Ry. Co., 67 Fla. 224, 64 So. 782; Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Lockhart v. Butt-Landstreet, 91 Fla. 497, 107 So. 641; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. 44; Anthony Farms Co. v. Seaboard Air Line Ry., 67 Fla. 188, 67 So. 913; Woods v. Atlantic Coast Line R. Co., 100 Fla. 909, 130 So. 601; Cheyney v. Roberts, 77 Fla. 324, 81 So. 475; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; Elks Club v. Adair, 95 Fla. 415, 116 So. 26; Walters Realty Co. v. Miami Tripure Water Co., 100 Fla. 221, 129 So. 763.

The grounds of the motion for a new trial, *supra,* are each without merit.

This Court being controlled by the rules, *supra,* as to an order granting a new trial, we have measured all the evidence by grounds 3, 4, 5, 6, and 19 of the motion for a new trial and find that the evidence is sharply conflicting on many important issues submitted. The lower 'court reasonably could have believed the ends of justice would be best subserved by submitting the issues to another jury. It has not been made to appear that the lower court abused its discretion in making the order assigned as error.

The order granting a new trial is affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.