SWANN, Judge.
In a case of stipulated liability, a jury trial was had solely on the issue of damages. The jury returned a verdict of Four Hundred Forty-Five Dollars for the plaintiff husband and Eighteen Thousand Five Hundred Dollars for the plaintiff wife. The trial judge then entered an order of remittitur, or a new trial, as to the plaintiff wife. The order appealed is set forth, in part, as follows:
*****
“1. By no reasonable review of the evidence can the verdict be said to comport with the manifest weight of the evidence adduced at the trial of this cause. In this regard it is pointed out that this Court would have ordered either a remittitur or new trial on its own motion had the defendant not filed the motion that was filed.
“2. After presiding over the entire trial, seeing and listening to all the persons who testified, reviewing all the evidence, all in a view construed best to the interests of the plaintiff, the verdict in this instance shocked the conscience of this Court more than any verdict ever before in the nine years this particular judge has been sitting on the bench of this State.
“3. The verdict for the husband (derivative) and the verdict for the wife are inconsistent to the degree that they cannot logically and fairly be reconciled. The fact that the jury awarded nothing to the husband for medical expenses beyond approximately two months following the accident nor award him any sum for loss of consortium (either past, present or future) simply cannot be reconciled with such a high sum awarded the wife. This *791 is one example of several inconsistencies between the two verdicts.
"4. It is the considered opinion of this Court that this jury, for reasons unknown, acting through sympathy or mistake, awarded a gratuity to the plaintiff wife over and above her proved and reasonable damages.
“5. The verdict was contrary to the manifest weight and probative and believable force of the evidence and the justice of the cause and therefore was ■contrary to applicable law.
'“Based on all of the above and because it •is right and just so to do, it is
•“ORDERED AND ADJUDGED that •the Plaintiff, GEORGINA CAÑI-ZARES, shall enter and file a remittitur in the sum of Sixteen Thousand ($16,-■000.00) Dollars, so that her total verdict and judgment will be Two Thousand Five Hundred ($2,500.00) Dollars, within ten (10) days from the date of this order, ■or, upon her failure so to do, it is
“ORDERED AND ADJUDGED that the Defendant’s motion for new trial be and the same shall be granted, without further order of this Court, said new trial to be on the question of damages only in the case of the Plaintiff, Georgina Cañi-zares, only.”
* ******
The plaintiff wife refused to file the remittitur and has taken this appeal from the order granting the defendant a new trial. No argument is made that the $445 verdict awarded to the plaintiff husband is unfair or unjust. The only question before us is whether the granting of a new trial, after the plaintiff wife had refused to file the $16,000 remittitur, constituted an abuse of the trial judge’s discretion. We find that it did not.
This action arose from an automobile accident in which the defendant’s jeep truck collided with the plaintiffs’ automobile, causing only slight damage to the two vehicles ($20 damage to the truck and approximately $170 damage to the plaintiffs’ vehicle). Apparently the accident was not a serious one. Liability was admitted by the defendant and only the amount of damages remained in dispute.
The record indicates that the plaintiff wife first visited her doctor two days after the accident. He testified that he found no fractures or dislocations, the only objective finding being a muscle spasm for which he prescribed two months of physiotherapy. The doctor further testified that the plaintiff wife had a minimal residual permanent disability of about five percent. On certain days, when the plaintiff wife has pain, it could affect her work, depending on her physical makeup, but most of the time she would have no difficulty. He also conceded that she was overweight at the time of the accident and that this could have caused her back pain. The plaintiff wife was discharged some two months after the accident, and advised to return if she had any complaints. She returned only for a re-evaluation one month later, but otherwise made no more visits to the doctor’s office, although she lived within walking distance.
The record also indicates that the wife became pregnant within two months after the accident. A court appointed physician testified that the wife was taking no medicine at the time of the trial and had never worn a brace or support of any kind. The court doctor could find no evidence of any muscle spasm. He noted that the wife could do all kinds of bending and twisting without any difficulty and he could find no evidence of any permanent physical impairment. The court doctor attributed the majority of the wife’s complaints to her pregnancy and her being substantially overweight.
That the verdict given the wife was at best a dubious one, is further evidenced by the relatively small award ($445) given the husband for medical expense and loss of consortium. Apparently the jury concluded *792 that no future medical expenses or loss of consortium were likely to result from the wife’s injuries.
The discretion allowed to the trial judge in granting new trials is a very broad and liberal one. Justice Thornal has stated that appellate courts will seldom reverse or disturb such an order unless there is a clear showing of an abuse of discretion inasmuch as a motion for a new trial is addressed to the sound judicial discretion of the trial judge. Pyms Real Estate v. Meranda, Fla.1957, 98 So.2d 341. Our Supreme Court has further held that a stronger showing of abusé is required to reverse an order allowing a new trial than to reverse an order denying one, and when a trial judge is of the view that a verdict fails to comport with the manifest weight of the evidence it is actually his duty to grant a new trial even though he had properly denied a motion for a directed verdict. Kight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792 (1938); Turner v. Frey, Fla.1955, 81 So.2d 721.
In Cloud v. Fallis, Fla.1959, 110 So.2d 669, 673, Justice Thomas reiterated the position taken in Pyms Real Estate v. Meranda, supra, and observed that:
* * * * * * *
“ * * * the trial judge * * * because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, * * *.
******
“When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, *
*******
In the case sub judice, we have a finding by an experienced and competent trial court judge who forcefully states that this verdict shocks his conscience more than any that he has ever had before him in the nine years in which he has been sitting on the bench in the State of Florida.
The plaintiff wife has failed to uphold the burden of clearly demonstrating error as is required under Cloud v. Fallís, supra. We have found no abuse of judicial discretion and note that the trial judge acted in accordance with the various decisions of this State in which the test for ordering a new trial is set forth.
Accordingly, the order of the trial court granting a new trial is hereby
Affirmed.