PER CURIAM.
The appellee was plaintiff below, having' filed her complaint against the appellant which alleged that he was the father of her unborn child. The case was tried before a jury and a verdict was rendered on behalf of the appellant, finding that he was not the father of the (by-then) born child of the appellee. Thereafter, the appellee filed her motion for judgment n. o. v., or in the alternative, motion for new trial. The court granted her motion for the new trial, and the appellant has appealed that order.
The trial judge predicated his granting of the motion for the new trial on two grounds. First the judge acknowledged that the appellee had not been given her full opportunity to obtain a panel of jurors who were unbiased and unprejudiced concerning the issues involved in this particular case because of the commission of a legal error. The second ground was that the verdict was against the manifest weight of evidence. It is a long settled rule that the discretion allowed to a trial judge in the granting of new trials is a very broad and liberal one. E. g., Canizares v. Encore, Fla.App.1966, 192 So.2d 790. The judge’s determination as to the possible bias or prejudice that may have been present in the jury was based on the applicable law. See Mizell v. New Kingsley Beach, Inc., Fla. App.1960, 122 So.2d 225. Moreover, having reviewed the record on appeal, we cannot say that the appellant has carried the burden of demonstrating that the court abused its discretion as to his findings that the verdict was against the weight of the evidence.
For the reasons stated above, the order granting the appellee’s motion for new trial is hereby affirmed.
Affirmed.